UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In the Matter of the Complaint

      of

STEVEN S. HORNSTEIN, AS OWNER OF
A 2007 24' BOSTON WHALER
(HIN: BWCE2981C707) for Exoneration
from or Limitation of Liability
------------------------------------------------------------X

**REPORT & RECOMMENDATION**

**19-CV-05795 (DLI) (ST)**

**STEVEN L. TISCIONE, United States Magistrate Judge:**

Petitioner STEVEN S. HORNSTEIN ("Petitioner") as the owner of a 2007 24' BOSTON WHALER (HIN: BWCE2981C707) ("Petitioner's Vessel"), brought this petition ("Petition") seeking exoneration from or limitation of liability pursuant to the Limitation of Liability Act, 46 U.S.C. § 30501 *et seq*. Compl., ECF No. 1. This matter arises from a boating accident ("Accident") that occurred on July 2, 2017 involving Petitioner's Vessel, which allegedly caused personal injury to Robert J. Giordano and property damage to Corinne Lee Funari ("Claimants"). *Id.* Claimants brought a law suit against the Petitioner in the Supreme Court of the State of New York, Suffolk County, on July 12, 2018, "seek[ing] unspecified damages for pain and anguish" and "property damage to [] 2003 Monteray 190 Montura boat with specialized instrumentality and property thereon" amounting to damages in the sum of $15,000. Compl. ¶ ELEVENTH. On October 14, 2019, Petitioner commenced this action in this Court seeking exoneration from or limitation of liability. *Id.* On November 27, 2019, Petitioner filed a Motion to Approve Ad Interim Stipulation for Value and for Entry of an Order Directing Issuance of Notice and Enjoining Actions (ECF No. 4), which was referred to me by the Honorable Judge Dora L. Irizarry. *See* Docket Order (Dec. 18, 2019). For the reasons that follow, I conclude that this

1

Petition was not filed within six months of the Petitioner's receipt of the Claimants' notice of the claim. Accordingly, I respectfully recommend that the Petition be dismissed as untimely.

## DISCUSSION

Pursuant to 46 U.S.C. § 30511, vessel owners seeking to limit liability under the Limitation of Liability Act must file a complaint in a district court of the United States within six months "after a claimant gives the owner [of the vessel] written notice of a claim." 46 U.S.C. § 30511(a); *see also* Fed. R. Civ. P. Supp. R. F(1) (Owner must commence action "[n]ot later than six months after receipt of a claim in writing. . .").

The Claimants' state court complaint triggers the six-month limitation "if it informs the vessel owner of an actual or potential claim...which may exceed the value of the vessel[.]" *Doxsee Sea Clam Co., Inc. v. Brown*, 13 F.3d 550, 554 (2d Cir. 1994) (citations omitted). "To trigger the six-month limitation, the complaint need not make explicit that its potential claim against the owner exceeds the value of the boat; rather, it need only be 'reasonably possible to infer from the notice that the total amount of the claims will exceed the value of the ship." *In re Bullet Servs.*, No. 18-CV-2727 (AMD)(SMG), 2019 U.S. Dist. LEXIS 163490, at *4 (E.D.N.Y. Sep. 24, 2019) (quoting *In re Henry Marine Service, Inc.*, 136 F. Supp. 3d 401, 408 (E.D.N.Y. 2015)) (internal citation and quotation omitted). Even if the complaint does not specify the total amount of damages sought, "the [vessel] owner will not be excused from satisfying the statutory time bar since he may institute a limitation proceeding even when the total amount claimed is uncertain[.]" *In re Complaint of Morania Barge*, 690 F.2d at 34 (citation omitted); *see also In re Complaint of SPEC CalStar Ltd.*, No. 02-CV-0466, 2002 U.S. Dist. LEXIS 23302, 2002 WL 31426255, at *2 (S.D.N.Y. 2002) ("The burden to 'seek clarification' of the amount of damages sought rests upon the shipowner.").

Here, I find that the Claimants' state court complaint, filed on July 12, 2018, served as proper written notice to trigger the six-month limitation. Petitioner concedes that the Claimants sought "unspecified damages for pain and anguish" and "property damage to [] 2003 Monteray 190 Montura boat with specialized instrumentality and property thereon . . . in the sum of $15,000" in their state court complaint. Compl. ¶ ELEVENTH.[1] Based on the foregoing description of damages, it is "reasonably possible to infer" that the total amount of the claims may exceed $102,000.00, the purported fair market value of the vessel. *In re Bullet Servs.*, 2019 U.S. Dist. LEXIS 163490, at *4; *see also* Declaration of Russell, ECF No. 4-1 ¶ 5.[2] Given that approximately one (1) year and three (3) months elapsed between the Claimants' filing of their state court complaint (July 12, 2018) and the Petitioner's submission of this Petition (October 14, 2019), I find that this Petition is untimely. *See* 46 U.S.C. § 30511(a); Fed. R. Civ. P. Supp. R. F(1). Therefore, I recommend that the Petition be dismissed.

---

[1] The Court takes judicial notice that the Claimants' state court complaint was filed on July 12, 2018, and served upon the Defendant on August 21, 2018. *See* Affidavit of Service, *Giordano et al. v. Hornstein*, Index No. 613386/2018, NYSCEF Doc. No. 3 (Sup. Ct. Suffolk. Co. Aug. 28, 2018).

[2] Petitioner concedes that Robert J. Giordano, in a letter dated July 13, 2017, provided notice to Petitioner that Giordano allegedly sustained unspecified injuries as a result of the Accident. *See* Compl. ¶ NINTH. While a copy of that letter has not been submitted for this Court's review, the fact that Petitioner concedes to have received written notification about a possible personal injury action suggests that the six-month limitation may have begun as early as the date of the letter. *See Doxsee Sea Clam Co. v. Brown*, 13 F.3d 550, 554 (2d Cir. 1994) (holding that the Second Circuit courts "read[] letters of notice in their entirety and consider[] their 'whole tenor.'") (internal citations omitted); *In re Miller's Launch, Inc.*, 2010 U.S. Dist. LEXIS 84774, at *7 (E.D.N.Y. Aug. 17, 2010) (Even notices lacking "specificity" — so long as they refer to potential claims that may exceed the value of the vessel — can still trigger the six-month limitation.).

## OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Marcella v. Capital Dist. Physicians' Health Plan, Inc.*, 293 F.3d 42, 46 (2d Cir. 2002); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**

                                                                         /s/  
                                                   Steven L. Tiscione  
                                                   United States Magistrate Judge  
                                                 Eastern District of New York

Dated: Brooklyn, New York  
         January 17, 2020