UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
:
IN THE MATTER OF THE COMPLAINT          :          **MEMORANDUM AND ORDER**
:          **ADOPTING REPORT AND**
of                :          **RECOMMENDATION**
:
STEVEN S. HORNSTEIN, AS OWNER OF A    :          19-cv-5795 (DLI)(ST)
2007 24' BOSTON WHALER (HIN:               :
BWCE2981C707) FOR EXONERATION       :
FROM OR LIMITATION OF LIABILITY         :
:
------------------------------------------------------------ x

**DORA L. IRIZARRY, United States District Judge:**

By way of Complaint filed on October 14, 2019, Petitioner Steven S. Hornstein ("Petitioner"), as owner of a 2007 24' Boston Whaler (HIN: BWCE2981C707) (the "Vessel"), commenced this action seeking exoneration from or limitation of liability pursuant to the Limitation of Liability Act, 46 U.S.C. § 30501 *et seq.* (the "Limitation of Liability Act"), *See*, Compl., Docket ("Dkt.") Entry No. 1. On November 27, 2019, Petitioner filed an unopposed motion to approve an *Ad Interim* stipulation as to the value of the Vessel, amounting to $102,000.00. *See*, Mot. to Approve *Ad Interim* Stip. for Value and for Entry of an Order Directing Issuance of Notice and Enjoining Actions ("Pet'r Mot."), Dkt. Entry No. 4.

On December 18, 2019, the Court referred the motion to the Honorable Steven Tiscione, U.S. Magistrate Judge of this Court, for a Report and Recommendation ("R & R"). On January 17, 2020, the magistrate judge issued an R & R, recommending that the motion be denied and that this action be dismissed as untimely. *See*, R & R, Dkt. Entry No. 5. Petitioner timely objected to the R & R. *See*, Pet'r's Objs. Pursuant to FRCP 72(b)(2) to the January 17, 2020 R & R ("Pet'r Obj."), Dkt. Entry No. 7.

For the reasons set forth below, Petitioner's objections are overruled, and the R & R is adopted in its entirety. Accordingly, the motion is denied, and the Complaint is dismissed with prejudice.

## LEGAL STANDARD

When a party objects to a Report and Recommendation, a district judge must make a *de novo* determination with respect to those portions of the Report and Recommendation to which the party objects. *See*, Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 72(b)(3); 28 U.S.C. § 636(b)(1); *See also*, *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997) (citation omitted). If, however, a party makes conclusory or general objections, or attempts to relitigate the party's original arguments, the court will review the Report and Recommendation for clear error. *See*, *Robinson v. Superintendent, Green Haven Corr. Facility*, 2012 WL 123263, at *1 (E.D.N.Y. Jan. 17, 2012) (internal quotation marks and citation omitted). Even upon *de novo* review, the court does not "consider arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance." *E. Sav. Bank, FSB v. Johnson*, 2020 WL 1452461, at *1 (E.D.N.Y. Mar. 25, 2020) (internal quotation marks and citations omitted). After its review, the district court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *See also*, 28 U.S.C. § 636(b)(1).

## DISCUSSION

The Limitation of Liability Act "allows 'a vessel owner to limit liability for damage or injury, occasioned without the owner's privity or knowledge, to the value of the vessel or the owner's interest in the vessel.'" *In re Henry Marine Serv., Inc.*, 136 F. Supp.3d 401, 404 (E.D.N.Y. 2015) (quoting *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 446 (2001)). Vessel owners

seeking to limit liability under the Limitation of Liability Act must file a complaint in district court within six months of receiving "written notice of a claim." 46 U.S.C. § 30511(a); *See also*, Suppl. Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Rule F ("Suppl. Rule F"). The six-month period begins to run once the petitioner receives notice "of an actual or potential claim . . . which may exceed the value of the vessel[.]" *Doxsee Sea Clam Co. v. Brown*, 13 F.3d 550, 554 (2d Cir. 1994) (citations omitted); *In re Henry Marine Serv., Inc.*, 136 F. Supp.3d at 408 (internal quotation marks and citations omitted). The notice "need not make explicit" that the potential claim will exceed the value of the vessel, but rather, "it need only be 'reasonably possible' to infer from the notice that the total amount of the claims will exceed the value of the ship." *In re Henry Marine Serv., Inc.*, 136 F. Supp.3d at 408 (quoting *Complaint of Morania Barge No. 190, Inc.*, 690 F.2d 32, 34 (2d Cir. 1982)). Thus, a vessel owner is subject to the six-month statute of limitations "even when doubt exists as to the total amount of the claims or as to whether they will exceed the value of the ship[.]" *Complaint of Morania Barge No. 190, Inc.*, 690 F.2d at 34 (citations omitted); *In re Miller's Launch, Inc.*, 2010 WL 3282627, at *2 (E.D.N.Y. Aug. 18, 2010) ("Even notices lacking specificity—so long as they refer to potential claims that may exceed the value of the vessel—can still trigger the six-month limitation.") (internal quotation marks and citations omitted).

Here, following a boating accident involving the Vessel, Robert J. Giordano ("Giordano") and Corinne Lee Furnari[1] ("Furnari" and together with Giordano, "Claimants") brought a lawsuit on July 12, 2018 against Petitioner in the Supreme Court of the State of New York County, seeking "unspecified damages for pain and anguish . . . [and] property damage . . . in the sum of $15,000."

---

[1] The Court understands Petitioner's spelling of Corinne Lee Furnari's name as "Funari" in the instant Complaint to be a typographical error. Furnari spells her name as "Furnari" in the state court action, and Petitioner similarly adopts this spelling in his objections to the R & R. *See generally*, Verified Compl., Dkt. Entry No. 7-4; Pet'r Obj.

Compl. ¶ ELEVENTH; *See also*, Verified Compl. ¶¶ 8, 13-14.  The magistrate judge found that, based on the description of damages in Claimants' verified complaint (the "Verified Complaint"), it was "reasonably possible to infer" that the total amount of the claims could exceed the fair market value of the Vessel and, therefore, the Verified Complaint served as "proper written notice to trigger the six-month limitation."  R & R, 3.  Thus, because Petitioner did not commence the instant action until October 14, 2019, approximately one year and three months after receiving the requisite notice, the magistrate judge recommended that Petitioner's motion to approve an *Ad Interim* stipulation as to the value of the Vessel be denied and that this action be dismissed as untimely.  *Id.*

  Petitioner objects to the R & R on the grounds that the Verified Complaint was insufficient to constitute notice that the amount of damages would exceed the value of the Vessel.  *See*, Pet'r Obj., 10-11.  According to Petitioner, he "timely sought clarification as to the amount of damages and never received a response" from Claimants.  *Id.* at 11; *See also*, Dkt. Entry No. 7-7 (Notice for Discovery & Inspection of Documents and Things, served upon Claimants on December 26, 2018); Dkt. Entry No. 7-8 (Combined "Demands," including Demand for Accident Reports, Demand for Medical & Employment Authorizations, and Demand for Medical Expenses & Collateral Sources, served upon Claimants on December 26, 2018); Dkt. Entry Nos. 7-9, 7-10 (Demands for Verified Bill of Particulars, served upon Claimants on December 26, 2018); Dkt. Entry No. 7-11 (Demand for Claimed Damages, served upon Claimants on December 27, 2018).  It was not until June 2019, when he received photographs taken on the night of the accident, that Petitioner "obtained information indicating a reasonable possibility that the amount of the claims could exceed the value of the [V]essel."  Pet'r Obj., 5.  Within six months of receiving the photographs, Petitioner commenced the instant action.  *Id.*

Although Petitioner could have presented this information and made these arguments to the magistrate judge, he inexplicably chose not to. In fact, Petitioner's motion was devoid of any information regarding the Verified Complaint or the steps that Petitioner purportedly took to clarify the amount of damages that Claimants sought. Nor did Petitioner cite to any of the case law upon which he now relies to support his argument that the Verified Complaint did not provide sufficient notice to trigger the six-month limitation. The Court need not consider arguments raised for the first time in response to the R & R. *See*, *Iacob v. http://re.brooklyn-flatbush.com/midtown-renter-hit-with-300k-lawsuit-for-using-airbnb/*, 2020 WL 2570358, at *2 (S.D.N.Y. May 21, 2020) (noting that "it would be inappropriate and risk undermining the authority of the Magistrate Judge" for the court to consider information which should have been, but was not, presented to the magistrate judge) (citation omitted); *Faison v. Comm'r of Soc. Sec.*, 2020 WL 1528152, at *2 (S.D.N.Y. Mar. 31, 2020) (noting that "litigants are required to make all arguments before the magistrate judge in the first instance[]" and refusing to consider arguments raised for the first time after the issuance of the R & R) (citation omitted).

In any event, the magistrate judge reached the correct conclusion. As set forth above, the Verified Complaint sought "unspecified damages for pain and anguish" with respect to Giordano and $15,000.00 for damage to Furnari's boat. Verified Compl. ¶¶ 8, 13-14. While the Verified Complaint lacked specificity as to the damages for pain and anguish, it nonetheless alleged that Giordano had suffered "severe" and "permanent" personal injuries as a result of Hornstein's "negligent[] and careless[]" operation of the Vessel. *Id.* at ¶¶ 6-7. Such allegations were sufficient to notify Petitioner of potential claims that could exceed the value of the Vessel. *See*, *Matter of Bullet Servs., Inc.*, 422 F. Supp.3d 784, 787 (E.D.N.Y. 2019), *appeal withdrawn sub nom. Bullet Servs. LLC v. Brown*, 2019 WL 7560749 (2d Cir. 2019) (finding that state court complaint,

although "sparse" provided sufficient notice where "it specified the date of the incident, the vessel and parties involved, the cause and circumstances of the incident, and the respondent's contention that the petitioners were responsible for his injury pursuant to a theory of negligence[]") (citation omitted).

Petitioner's reliance on *Complaint of Morania Barge No. 190. Inc.*, 690 F.2d 32 (2d Cir. 1982) is misplaced. *See*, Pet'r Obj., 8. There, the Second Circuit Court of Appeals found that a vessel owner was not required to file a limitation of liability action within six months of the claimant's initiation of a state court proceeding because the state court complaint had "made clear that [the claimant's] total damages would be substantially less than the value of the vessel[.]" *Id.* at 34-35. Moreover, over the course of four-and-a-half years, the claimant had represented that its claims were less than the value of the vessel, and the court found that the petitioner had been entitled to rely upon such "sworn representations[.]" *Id.* at 35. Here, as Petitioner concedes, the Verified Complaint did not specify the amount of damages sought with respect to Giordano. Moreover, while Petitioner was entitled to rely on Claimants' sworn representation regarding $15,000.00 in property damages, there is no similar sworn testimony as to the amount of damages for pain and anguish. Thus, unlike the state court complaint in *Complaint of Morania Barge No. 190. Inc.*, the Verified Complaint here did not "ma[ke] clear" that Claimants' total damages would be "substantially less" than the value of the Vessel. *Cf.*, 690 F.2d at 34-35.

Accordingly, the magistrate judge correctly concluded that the Verified Complaint provided Petitioner with sufficient notice that the amount of damages would exceed the value of the Vessel, thereby starting the clock on the six-month period during which Petitioner was required to commence this action in order to limit liability under the Limitation of Liability Act.

## CONCLUSION

After conducting a *de novo* review, Petitioner's objections are overruled and the the R & R is adopted in its entirety. Therefore, Petitioner's motion to approve an *Ad Interim* stipulation for value is denied and the Complaint is dismissed with prejudice.

SO ORDERED.

Dated: Brooklyn, New York
       September 30, 2020

/s/
DORA L. IRIZARRY
United States District Judge